UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MABLE RANDALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-CV-59 (CEJ) |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for summary judgment. Plaintiff has responded in opposition, and the issues are fully briefed.

I.   **Background**

On June 4, 2011 plaintiff Mable Randall entered a Wal-Mart store in Kennett, Missouri owned by defendant Wal-Mart Stores East, LP (improperly identified as Wal-Mart Stores, Inc.) to return plastic bags to defendant's recycling bin. The store has two main entrances that open into vestibules, a general merchandise entrance and a grocery entrance, each with two sets of motion-activated doors. Store management has the ability to limit the motion activation to operate from only one direction for purposes of theft prevention and traffic control.[1] At each entrance, one set of doors allows customers to enter or exit a vestibule area, while another set of doors leads into or out of the store interior. When facing an entrance from the

---

1   Steven Foster, the store manager, testified in deposition that the doors marked "enter" are generally set to only allow entry motion activation and the doors marked "exit" are generally set to only allow exit motion activation. According to the deposition of assistant manager Debbie Miller, however, the doors are typically motion-activated in both directions. Neither party has presented evidence as to how the doors were activated on the date of the incident.

outside, the word "enter" appears above the doors on the left, and the word "exit" appears above the doors on the right.

On the date of the incident, plaintiff used the left set of doors to enter the vestibule area of the general merchandise entrance. The vestibule contained a recycling bin, a "Red Box" for movie rentals, a rack for displaying bicycles, and a watermelon bin. The recycling bin was located directly to the right of the doors through which plaintiff entered. The bicycle rack was placed directly beside the recycling bins in the middle of the vestibule. The watermelon bin was adjacent to the bicycle rack, and against the second set of doors for entering or exiting the store interior. This alignment appeared to create two parallel walkways in the vestibule. The wheeled rack was designed to hold six bicycles. Two bicycles were hanging from hooks on the top of one end of the rack, while the four hooks on the opposite end were empty. The rack was approximately seven or eight feet long, four feet wide, and six feet tall. Two metal bars ran across the bottom of the rack at a height approximately eight inches from the floor. The bicycle rack contained sign advertisements on each end at eye-level displaying "$42.99."

Upon entering the vestibule, plaintiff turned right to place some plastic bags in the recycling bins. She then momentarily turned around in what appears to be an attempt to exit the doors through which she had entered. She next turned back around and attempted to cross the middle of the vestibule to exit through the right set of doors without entering the store's interior. In doing so, she attempted to walk under the empty hooks on the bicycle rack, but she tripped on the lower bars on the bottom of the rack and fell face-first to the ground.

Plaintiff initially filed suit in the Circuit Court of Dunklin County, Missouri. Defendant removed the action, asserting jurisdiction based on diversity of citizenship. Plaintiff claims that defendant was negligent in its placement of the bicycle rack. She seeks an award of damages for injuries she allegedly sustained.

II. **Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). If the moving party meets its burden, the non-moving party may not rest on the allegations of its pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Gannon Intern., Ltd. v. Blocker, 684 F.3d 785, 792 (8th Cir. 2012); Gibson v. American Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita Elec. Industrial Co.., 475 U.S. at 587).

In addition to the parties' memoranda, the record consists of deposition transcripts, video footage from surveillance cameras in the store, and still images printed from the video, all of which the parties attached as exhibits to their pleadings. These materials are appropriate for the Court to consider in ruling on this motion. City of St. Joseph, Mo. v. Southwestern Bell Telephone, 439 F.3d 468, 475 (8th Cir. 2006).

### III. Discussion

In a negligence action under Missouri law, a plaintiff must establish that (1) the defendant owed her a duty of care, (2) defendant breached that duty, and (3) defendant's breach proximately caused her injury. Lopez v. Three Rivers Elec. Co-op. Inc., 26 S.W.3d 151, 155 (Mo. banc 2000). The applicable standard of care is a question of law for the courts, while whether a defendant's conduct fell below that standard of care is a question of fact for a jury. Hellman v. Droege's Super Market, Inc., 943 S.W.2d 655, 658 (Mo. Ct. App. 1997). When a plaintiff sues a property owner for injuries incurred from an alleged unreasonably dangerous condition on that property, the applicable standard of care is defined by the relationship between the property owner and the plaintiff. Harris v. Niehaus, 857 S.W.2d 222, 225 (Mo. banc 1993). As conceded by defendant for the purposes of its instant motion, the plaintiff was an invitee at the time of the incident. An invitee is "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." Spaulding v. Conopco, Inc., 740 F.3d 1187, 1191 (8th Cir. 2014) (quoting Harris, 857 S.W.2d at 225).

With regard to invitees under Missouri law, a property owner must "(1) exercise reasonable care; (2) disclose to the invitee all dangerous conditions which are known

to the possessor and are likely not to be discovered by the invitee; and (3) see that the premises are safe for the reception of a visitor, or at least ascertain the condition of the land, to give such warning that the invitee may decide intelligently whether or not to accept the invitation, or may protect himself against the danger if he does accept it." Harris, 857 S.W.2d at 226.

In return, property owners can expect invitees to exercise due care. Huxoll v. McAlister's Body & Frame, Inc., 129 S.W.3d 33, 35 (Mo. Ct. App. 2004). "Due care mandates that invitees take available precautions to protect themselves from open and obvious dangers." Id. A dangerous condition is "open and obvious" if the invitee should reasonably be expected to discover it and realize the danger. Harris, 857 S.W.2d at 226. The "open and obvious" exception to liability does not apply, however, "where a landowner should foresee that invitees, even if using reasonable care, would not appreciate the danger associated with the risk or would be unable to protect themselves from it." Huxoll, 129 S.W.3d at 35. Therefore, "even if an invitee can reasonably be expected to discover a danger, a breach of duty can occur if the owner or possessor of land should anticipate the harm despite its obviousness or the invitee's knowledge." Smith v. The Callway Bank, 359 S.W.3d 545, 548 (Mo. Ct. App. 2012).

Defendant asserts that any danger posed by the bicycle rack in this incident was an open and obvious condition, and that the risk of harm to plaintiff only existed because she failed to exercise due care in the face of that danger. In support of this assertion, defendant points to the sizeable dimensions of the rack, the rack's central location in the vestibule next to the recycling bin, the price signs attached to both ends at eye-level, and the two bicycles hanging from the top of the rack at one end.

Defendant further asserts that whether a condition is open and obvious is a question of law to be decided by the court.

Plaintiff contends that the danger created by the bicycle rack was not open and obvious, and that whether the condition was open and obvious is a question of fact for a jury to determine under principals of comparative negligence.  Plaintiff notes that the bicycle rack was located in the highest traffic area of the store in an atypical location, the price signs located at eye level on the rack were designed to attract the attention of customers entering the store, and the bars on the bottom of the rack were only eight inches from the ground.

In determining whether a dangerous condition is open and obvious, courts engage in "an extremely fact intensive analysis."  Underwood v. Target Corp., No. 1:12-CV-00035 (LMB), 2013 WL 6801260, *3 (E.D. Mo. Dec. 23, 2013) (applying Missouri law).  In some cases, the facts may be "so one-sided that the trial court can say, as a matter of law, that a dangerous condition was so open and obvious that the plaintiff knew or should have known of the danger and assumed the risk."  Scheerer v. Hardee's Food Sys., Inc., 92 F.3d 702, 710 (8th Cir. 1996).  See also Underwood, 2013 WL 6801260 at *3 (collecting recent cases where Missouri courts have found dangerous conditions to be so open and obvious that liability is precluded as a matter of law).  However, under Missouri law, the question of open and obviousness is usually a question of fact for the jury to determine since "it essentially asks whether that individual was contributorily negligent."  Scheerer, 92 F.3d at 709-10.  See also Underwood., 2013 WL 6801260 at *3 (collecting recent cases where Missouri courts have refused to find that a given condition is open and obvious as a matter of law and permitted the case to go to the jury).

After reviewing the deposition transcripts, video and photographs of the incident, the Court finds the evidence is not so one-sided to find the danger created by the condition open and obvious as a matter of law. The facts here are more analogous to the cases where Missouri courts have declined to make sure a determination and submitted the question instead to the jury. While the bicycle rack was a large physical structure, a jury could find plaintiff reasonably thought she safely could walk through the large space under the empty hooks on the rack without realizing the danger posed by the metal bars close to the ground. Even if plaintiff had or should have realized the danger posed by attempting to walk under the rack, a jury could find that defendant should have reasonably anticipated that customers would attempt to exit the store by cutting across the vestibule and walking through the open space under the empty hooks on the rack.

Furthermore, in accordance with the findings of Missouri courts, the presence of multiple distractions supports the conclusion that the dangerous condition was not open and obvious as a matter of law. See, e.g., Bartel v. Central Markets, Inc., 896 S.W.2d 746, 748 (Mo. Ct. App. 1995) ("[W]e cannot say as a matter of law that the [uneven sidewalk] was so open and obvious that defendants could reasonably rely on its invitees to see and appreciate the risk of danger as they exited the store with arms full of groceries or pushing grocery carts ahead of them."); see also Bruner v. City of St. Louis, 857 S.W.2d 329, 333 (Mo. Ct. App. 1993) (finding the jury could consider whether defendant had "reason to expect that plaintiff's attention would be diverted by the airport environment" in determining whether a moving walkway at the airport was a dangerous condition). Here, the location of the bicycle rack in a high-traffic area, the signs advertising prices at eye-level, and the display of other merchandise in

the vestibule are all potential distractions a jury could consider in determining whether the condition was open and obvious or whether the defendant should have realized that customers may be too distracted to take precautionary measures.

Drawing all reasonable inferences in favor of plaintiff as non-movant, the Court cannot find, as a matter of law, that the danger created by the placement of the bicycle rack was an open and obvious condition. Nor can the Court factually determine whether the defendant should have anticipated that an invitee such as plaintiff, even if exercising due care, would not appreciate the danger associated with attempting to cross the vestibule under the bicycle rack or would be unable to protect herself from potential harm caused by the rack's placement. These are proper questions for a jury.

*  *  *  *  *

For the reasons discussed above,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #23] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of October, 2014.